UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS K. CAMPBELL, et al.,<br><br>Plaintiffs,<br>v.<br><br>ENTERGY NUCLEAR OPERATIONS, INC.,<br>Defendant. | Civil Action No. 05-CA-11951 JLT<br><br>*Electronically Filed* |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REQUIRE
PLAINTIFF'S COUNSEL TO PROVIDE A STATUS REPORT ON
DEFENDANT'S INDIVIDUAL SETTLEMENT OFFERS**

In order to facilitate trial, conserve scarce judicial resources, and to avoid needless expenditures of time and money, Defendant Entergy Nuclear Operations, Inc. ("Entergy") respectfully requests that the Court order Plaintiffs' counsel to provide a list of Plaintiffs who have: (1) accepted Defendant's offers of settlement; (2) countered Defendant's offers of settlement (including amounts of counters); and (3) rejected without any counter Defendant's offers of settlement and intend to proceed to trial. By knowing what cases/claims are actually proceeding to trial, the Court and the parties can better manage their time and limited resources.

**HISTORY OF RECENT SETTLEMENT DISCUSSIONS**

As set forth in its letter to the Court of July 17, 2008 (Dkt. No. 264), Defendant unsuccessfully asked, on multiple occasions, for individual settlement demands from each Plaintiff. Plaintiffs refused to comply. Declaration of Christopher A. Parlo ("Parlo Dec.") ¶ 3. Nonetheless, in accordance with their commitment to the Court to fully explore settlement, on July 1, 2008, Defendant's counsel provided Plaintiffs with a list of amounts which, as defense counsel, they recommended that Entergy offer to each of the 49 individual Plaintiffs in this

action.  Parlo Decl. ¶ 4.  Defendant's counsel expressly stated that these were not offers, as authority had not yet been obtained from Defendant.[1]  Parlo Decl. ¶ 5.  Upon the receipt of these recommended amounts, Plaintiffs' counsel were in a position to discuss the recommendations with their clients to see if the parties were close or could resolve any of the individual cases.

Plaintiffs' counsel responded with demands as to only 20 of the 49 Plaintiffs.  Soon thereafter, however, Plaintiffs' counsel indicated that eight of the demands they conveyed were withdrawn (leaving demands from only 12 Plaintiffs).  Parlo Decl. ¶ 6.  On July 17, Defendant's counsel obtained settlement authority from Entergy and made formal binding offers for all 49 Plaintiffs.  Some of the offers were the same as the earlier recommendations; others were slightly higher or lower.  Parlo Decl. ¶ 7.  Defendant's counsel also committed to accept any counteroffers or to make its own counter-offers within 24 hours.  Parlo Decl. ¶ 8.  Despite this commitment, Plaintiffs' counsel still has not communicated a single offer or demand for 47 of the 49 Plaintiffs (as to 2 Plaintiffs the parties have reached an agreement).  Plaintiffs have failed to do so despite the fact that as to 10 individuals for whom the Plaintiffs initial made proposals, the parties are now less than $6,000 apart.  With minimal effort every one of those cases could be settled in one day.  Parlo Decl. ¶ 9.

Accordingly, as of the date of this motion, and barely one week before trial, neither the Court nor Defendant have any information as to how many individual cases can be settled and how many cases will have to be tried.  Plaintiffs' counsel had an ethical obligation to convey Defendant's individual offers to each Plaintiff and Defendant assumes they have done so.  Their failure to respond in any way to these offers, however, has left both the Court and Defendant in

---

[1]    The exact language used was: "As discussed, the attached proposal represents what we as counsel and Entergy's in-house counsel would recommend to the business-side clients.  Similarly we understand that your agreement to discuss our proposal and the numbers, and any counter-proposal you make, are only what you would recommend to your clients and is not binding until you receive client ratification."  Parlo Dec. ¶ 5.

an untenable position. Thus, Defendant now moves for an order requiring Plaintiffs' counsel to provide, by July 29, a simple list as to which Plaintiffs have accepted Defendant's offers, which have countered their offers and, therefore, possibly can be settled, and which Plaintiffs have rejected the offers without any counter and intend to proceed to trial.

## ARGUMENT

Federal district courts strive to manage their dockets so that justice is dispensed in a timely, efficient manner and scarce judicial resources are not wasted. Accordingly, the First Circuit has recognized that district courts "cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). District courts possess this inherent, plenary authority in order to "achieve the orderly and expeditious disposition of cases." Abdullah v. Acands, Inc., 30 F.3d 264, 270 (1st Cir. 1994). "[The] inherent powers of the court form the basis for continued development of procedural techniques designed to make the operation of the courts more efficient, to preserve the integrity of the judicial process, and to control the court's docket." Jaen v. Coca-Cola Co., 157 F.R.D. 146, 150 (D.P.R. 1994) (citation omitted).

In this case, Plaintiffs' counsels' failure to respond in any way to Defendant's individual settlement offers has hampered the "expeditious disposition" of this action, and has made it difficult, if not impossible, for the Court to manage its docket. Without knowing which Plaintiffs will settle and which Plaintiffs will remain in this action for trial, the Court cannot determine the appropriate number of days necessary for trial or the order in which the individual Plaintiffs' cases will be heard. Moreover, Plaintiffs' counsel have asked (or will ask) the Court to decide motions and objections on witnesses, exhibits and other evidence related to individual Plaintiffs, many of which, or significant parts of which, may be moot if the Plaintiffs for whom the witnesses and exhibits apply settle their claims. Hearing and ruling on these motions where

claims may be settled or could be settled would be an obvious waste of judicial resources and needlessly expensive and time consuming for the parties.

Given that Plaintiffs' counsel was required to convey Defendant's July 17, 2008 offers to the remaining 47 Plaintiffs, providing a settlement status on each based on his or her response should not be difficult. In fact, in light of the proximity of trial, Defendant respectfully submits it should be immediately required.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court order Plaintiffs' counsel to provide, by July 29, a list of Plaintiffs who have: (1) accepted Defendant's offers of settlement; (2) countered Defendant's offers of settlement (including the amount of the counter); and (3) rejected Defendant's offers of settlement without a counter and intend to proceed to trial.

Dated: July 25, 2008  
      New York, New York

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ Debra Morway  
    Debra Morway (BBO 631339)  
    Christopher A. Parlo (Pro Hac Vice)

101 Park Avenue  
New York, New York 10178  
Telephone: (212) 309-6000  
Facsimile: (212) 309-6001

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I, Vimisha K. Dubal, hereby certify that on July 25, 2008, Defendant's Notice of Motion and Motion for a Order Requiring Plaintiffs' Counsel To Respond To Defendant's Individual Settlement Offers, supporting Memorandum of Law, and proposed Order, and supporting Declaration of Christopher A. Parlo, Esq. were filed electronically and served by United States mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                   /s/Vimisha Dubal
                                             VIMISHA K. DUBAL

James Reif (Pro Hac Vice)
817 Broadway, 6th Floor
New York, New York 10003
(212) 228-7727

Scott J. Tucker (BBO #503940)
TUCKER, HEIFETZ, & SALTZMAN, LLP
100 Franklin Street, Suite 801
Boston, Massachusetts 02110

*Attorneys for Plaintiffs Thomas K. Campbell et al.*